J-S03042-18

2018 PA Super 43

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
|---|---|---|
| | : | OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERMAINE DALTON CROSLEY, | : | |
| | : | |
| Appellant | : | No. 2049 EDA 2017 |

Appeal from the Judgment of Sentence Entered May 23, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002462-2016

BEFORE:  BENDER, P.J.E., PANELLA, J. and STEVENS, P.J.E.[*]

CONCURRING OPINION BY BENDER, P.J.E.:    **FILED FEBRUARY 28, 2018**

I agree with the Majority that the trial court erred by admitting the evidence of Appellant's prior conviction for the purpose of rebutting Appellant's testimony about the victim's prior acts of violence.  I also agree with the Majority that, despite this error by the trial court, Appellant is not entitled to a new trial.  However, I base my decision on a different rationale than the Majority.  Therefore, I respectfully concur.

Preliminarily, I take issue with the Majority's concluding, *sua sponte*, that the evidence of Appellant's prior conviction could have properly been admitted to rebut his "unsolicited testimony of his good character."  Majority Opinion at 14.  This was not the basis stated by the trial court for admitting

_____

[*] Former Justice specially assigned to the Superior Court.

the at-issue evidence and, therefore, it is outside our scope of review. *See*

***Commonwealth v. Weakley***, 972 A.2d 1182, 1189 (Pa. Super. 2009)

("When a trial court indicates its reasons for its ruling, 'our scope of review is

limited to an examination of that stated reason.'") (citation omitted).

In any event, I also disagree with the Majority that Appellant's testimony

that he never carries a weapon permitted the Commonwealth to introduce the

evidence of his prior conviction for aggravated assault, because Appellant

allegedly committed that crime "while holding a sharp object." Majority

Opinion at 14. The general allegation that Appellant was holding an

unidentified, 'sharp object' during his assault of the security guard does not

demonstrate that he was ***carrying*** a weapon prior to that incident.

Thus, I would hold that the trial court abused its discretion by admitting

the evidence of Appellant's prior conviction on the basis espoused by the

Commonwealth and explicitly accepted by the court, and I would end my

analysis of the admissibility of that evidence there.

Nevertheless, I agree with the Majority that Appellant is not entitled to

a new trial. The Commonwealth presented overwhelming evidence of

Appellant's guilt, as aptly discussed by the Majority in assessing his

sufficiency-of-the-evidence claim. The prejudicial effect of Appellant's prior

conviction was so insignificant by comparison that I am convinced, beyond a

reasonable doubt, that it could not have contributed to the trial court's verdict.

***See Commonwealth v. Jacoby***, 170 A.3d 1065, 1085–86 (Pa. 2017)

("Harmless error exists where: (1) the error did not prejudice the defendant

or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.") (citations omitted).